# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STEVEN SACCHETTI, § <br> § <br> Plaintiff, § <br> § <br> v. §    Civil Action No. 4:18-cv-0099 <br> § <br> OPTIV SECURITY, INC., § <br> § <br> Defendant. § § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 8, 2019, the report of the Magistrate Judge was entered (s*ee* Dkt. #66) (the "Report") containing proposed findings of fact and recommendations that Defendant Optiv Security, Inc.'s ("Defendant") Motion for Summary Judgment (Dkt. #30) be granted. Plaintiff Steven Sacchetti ("Plaintiff") filed objections to the Report (the "Objections") (Dkt. #69); Defendant filed a response to the Objections (the "Response") (Dkt. #71). The Court, having made a *de novo* review of the Objections and Response, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

### I.    BACKGROUND

Plaintiff is a forty-five-year-old male who was employed by Defendant from July 16, 2012, through his termination on November 17, 2016. *See* Dkt. #30-3 at 6, 23; Dkt. #30-4 at 14. At the time of Plaintiff's termination, he was employed in the role of Regional Director. *See* Dkt. #30-3

at 6, 23. Plaintiff alleges the reasons given for his termination were false and pretextual, and that Defendant discriminated against him on the basis of age and/or gender. *See* Dkt. #1 at 4, 15. Plaintiff further alleges Defendant retaliated against and defamed him by communicating about Plaintiff to his potential employers. *See id.* at 13–17.

Plaintiff filed suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e–2000e-5, the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 623 *et seq.*, and Chapter 21 of the Texas Labor Code, asserting causes of action for age and gender discrimination, as well as retaliation. *See* Dkt. #1 at 15. Plaintiff further asserts a Texas common law claim for defamation. *See id.* at 15–17. Defendant filed the Motion for Summary Judgment (Dkt. #30), to which Plaintiff filed a response (Dkt. #34), Defendant filed a reply (Dkt. #40), and Plaintiff filed a sur-reply (Dkt. #42). On June 19, 2019, the Magistrate Judge held oral arguments regarding the Motion for Summary Judgment. *See* Dkt. #56. In the Report, the Magistrate Judge recommended Defendant's Motion for Summary Judgment be granted. *See* Dkt. #66. Plaintiff filed the Objections (Dkt. #69), and Defendant filed the Response (Dkt. #71).

## II.     DISCUSSION

Plaintiff's Objections reassert the same arguments already addressed by the Magistrate Judge in her Report, and Plaintiff fails to direct the Court to evidence which raises a fact question on any of his claims. Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it

is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

   1. **<u>Age Discrimination</u>**

Plaintiff objects to the Report's recommendation that Plaintiff's age discrimination claims be dismissed because Plaintiff failed to satisfy his burden to show pretext under the ADEA. *See* Dkt. #69 at 2. In the Report, the Magistrate Judge found Plaintiff articulated his *prima facie* age discrimination case and that Defendant articulated a legitimate nondiscriminatory reason for Plaintiff's termination. *See* Dkt. #66 at 7–10. Plaintiff argues the Report erred in the third stage of the *McDonnell Douglas* analysis, by finding no question of fact on Plaintiff's burden to show pretext. *See* Dkt. #69 at 2–3.

Specifically, Plaintiff argues he has met his burden to rebut the nondiscriminatory reason for his termination by showing: (1) there was conflicting testimony regarding who decided to terminate him; (2) the reason given for his termination was "false and illogical;" (3) Defendant did not engage in progressive discipline; (4) Tina Parmer ("Parmer"), a female employee,[1] was treated "clearly more favorabl[y]" than Plaintiff; and (5) Optiv viewed Plaintiff as posing a risk. *See* Dkt. #69 at 2–4. None of the articulated reasons relate to Plaintiff's age. Moreover, the Court finds no error in the Magistrate Judge's careful analysis of the evidence submitted and the argument made at the June 19, 2019, hearing. As the Report finds, "Plaintiff put forth no evidence that any member of Defendant's management was aware of Plaintiff's age and/or considered Plaintiff's age when making the decision to terminate Plaintiff's employment, or that but-for Plaintiff's age, Plaintiff would not have been terminated." *See* Dkt. #66 at 10. Plaintiff argues, and the Court agrees, that the law "allows for circumstantial evidence to support a discrimination claim." *See* Dkt. #69 at 5.

---

[1] Parmer is older than Plaintiff. *See* Dkt. 30-9 at 3.

3

However, the Court finds no error in the Report's conclusion that Plaintiff presented no evidence that Plaintiff's age was a factor in his termination. *See* Dkt. #66 at 10. Accordingly, Plaintiff's objection is **OVERRULED**.

### 2. Gender Discrimination

Plaintiff argues the Report erred by finding Plaintiff failed to establish a *prima facie* case of gender discrimination. *See* Dkt. #69 at 5. Plaintiff argues that "[t]his is a case where gender discrimination can be inferred by comparing Plaintiff to someone that is 'similarly situated' because the claim itself stems from Optiv's discriminatory treatment of Plaintiff in comparison to the female subordinate that lodged a sex discrimination claim against him." *Id*. at 6. Plaintiff argues he should be compared to Parmer, a female employee who worked for him, although Plaintiff acknowledges that he is "not traditionally 'similarly situated'" to Parmer. *See id*. Nevertheless, Plaintiff argues Parmer should be treated as a proper comparator under a flexible interpretation of the requirements for a *prima facie* case for gender discrimination. *See id*.

The Court finds no error in the Report's conclusion that Parmer is not a proper comparator because: (1) Plaintiff and Parmer did not report to the same supervisor (because Parmer reported to Plaintiff himself); (2) unlike Plaintiff, Parmer was not in management; and (3) Parmer was alleged to have committed different work rule violations resulting in her receipt of a performance improvement plan, rather than termination. *See* Dkt. #34 at 31; Dkt. #30-3 at 34, 41, 54; Dkt. #30-5 at 8. Accordingly, the Court finds no error in the Report's conclusion that Plaintiff fails to identify a proper comparator. Thus, there is no question of fact—Plaintiff has simply failed to

meet his burden to present a *prima facie* case of gender discrimination. This objection is **OVERRULED**.

   3. **<u>Defamation</u>**

Plaintiff objects to the Report's conclusion that summary judgment should be granted on Plaintiff's defamation claim. *See* Dkt. #69 at 7. The Report identified six sets of communications that Plaintiff asserts were defamatory. *See* Dkt. #66 at 15–16. Plaintiff does not object to the Report's summary of the statements at issue. *See generally* Dkt. #69 at 7–9. Rather, Plaintiff argues the Court should find he satisfied the elements of a claim for either defamation *per se* or *per quod* and deny summary judgment on this claim.

The Court first addresses Plaintiff's argument that the Court should consider evidence not in the record "because Optiv failed to produce it despite it being discoverable." *See* Dkt. #69 at 8 (italics omitted). Having reviewed the record, Plaintiff's argument that Defendant withheld discovery is both new and speculative. Plaintiff has not requested additional time for discovery and no motion to compel has been filed. At this stage of proceedings, the Court cannot rely on Plaintiff's unsupported conjecture that Defendant is withholding discovery; rather, the Court must rely on properly cited evidence in the record. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. To the extent Plaintiff objects to the Report on this basis, this objection is **OVERRULED**.

Plaintiff argues the Report erred because he satisfied the elements of a claim for defamation *per se*. Specifically, Plaintiff argues the Court should find he properly pled a claim for defamation *per se* because "a reasonable factfinder could easily determine . . . that Optiv did make defamatory statements to potential employers and caused damages." *See* Dkt. #69 at 9. However, the Report correctly states that in order to plead a claim for defamation, the plaintiff must plead "the full context of the allegedly defamatory statement" and "must identify the third party to whom the

5

defamatory statements were published. *See* Dkt. #66 at 15 (citing *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002); *Lorfing v. Gerdau Ameristeel U.S., Inc.*, 2017 WL 9471835, at *3 (N.D. Tex. Jan. 26, 2017)). Here, Plaintiff's argument is based on speculation and his theory that Defendant must have made statements to Plaintiff's potential employers. That argument is unsupported by the record, as Plaintiff directs the Court to no evidence of any statement made by Defendant to any potential employer.[2] The Court finds no error in the Report's finding that the Court cannot attribute statements to Defendant where neither the speaker nor the content of the speech is identified in the record. *See* Dkt. #66 at 16–17. As such, the Court finds no error in the Report's finding that "[no] statements by Defendant satisfies the standard for either libel *per se* or slander *per se*, as neither [of Defendant's] statement[s], on its face, falls into the categories of defamatory language" which are actionable under Texas law. *See* Dkt. #66 at 18 (citing *In re Lipsky*, 460 S.W.2d 579, 596 (Tex. 2015)). Accordingly, this objection is **OVERRULED**.

Plaintiff also argues he satisfied the elements of a claim for defamation *per quod* because: (1) while there was no evidence Defendant made certain statements, a reasonable factfinder could have inferred that information known by third parties was published by Defendant; and (2) a reasonable factfinder could find that allegedly conflicting statements attributable to Defendant were defamatory. *See* Dkt. #69 at 7–8.

First, while Plaintiff argues Defendant must have defamed him because "that was the only place he had worked in that time, the subject was [Plaintiff's] management style, and the author had never met him," this argument is pure conjecture. *See* Dkt. #69 at 8. As Plaintiff acknowledges, statements about Plaintiff's management style or work history could have been made by business

---

[2] The Report correctly finds only two statements in the record are attributable to Defendant, neither of which was directed to any potential employer. *See* Dkt. #69 at 8–9; *see infra* p.7.

6

partners and/or clients who interacted with Plaintiff while he was employed by Defendant.[3] *See* Dkt. #69 at 8. In the absence of evidence demonstrating the content of a statement, who made it, and to whom it was published, the Court cannot simply attribute unidentified statements to Defendant. *Bentley*, 94 S.W.3d at 579; *Lorfing*, 2017 WL 9471835, at *3. Accordingly, this objection is **OVERRULED**.

Second, Plaintiff argues that the two statements by Defendant about Plaintiff's termination are conflicting, and thus may be defamatory. *See* Dkt. #69 at 8–9. In the first email, sent by Plaintiff's supervisor, no reason is given for Plaintiff's termination. *See* Dkt. #36 at 184. In the second communication, an incomplete record of text messages between Plaintiff and an individual employed by Defendant, the "official answer" to give Defendant's vendors about the reason for Plaintiff's termination was "the management style didn't fit." *See* Dkt. #36 at 133. While Plaintiff argues that these statements are conflicting, *see* Dkt. #69 at 7, Plaintiff does not explain how these messages conflict. Moreover, Plaintiff identifies no precedent holding that a general statement about Plaintiff's management style is defamatory. While a defamation *per quod* claim allows consideration of extrinsic evidence and explanatory circumstances, Plaintiff directs the Court to no evidence in the record which supports his assertion that he was defamed. Even were the Court to consider Defendant's statements as evidence of defamation *per quod*, the Court finds no error in the Magistrate Judge's conclusion that "Plaintiff fails to satisfy the elements of a defamation *per quod* claim because he fails to prove that either statement by Defendant was made with negligence regarding the truth of the statement." *See* Dkt. #66 at 19 (citing *Encompass Office Sols.,*

---

[3] Plaintiff further argues that an email from an unidentified sender could be attributable to Defendant. *See* Dkt. #69 at 8. However, discovery has closed, and Plaintiff has put forth no evidence regarding who sent the email. This argument is unsupported conjecture.

7

*Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011)). Accordingly, this objection is **OVERRULED**.

    **4. Retaliation**

Plaintiff objects to the Report's recommendation that summary judgment be granted on his claim for retaliation under the ADEA, Title VII, and the Texas Labor Code. *See* Dkt. #69 at 9. At the June 19, 2019, hearing, Plaintiff agreed that his retaliation claim is based on the alleged retaliatory conduct by Defendant after Plaintiff's termination, and that it rises and falls on his defamation claim. *See* Dkt. #34 at 39; *see also* Dkt. #69 at 9.

As addressed above, Plaintiff identifies no statement made by Defendant to any of Plaintiff's prospective employers. Plaintiff further identifies no evidence that any of Plaintiff's prospective employers relied on any statement purportedly made by Defendant. Despite the "specious circumstances" which Plaintiff alleges surround the cessation of the hiring process by his prospective employers, *see* Dkt. #69 at 9, Plaintiff fails to identify or submit evidence linking the prospective employer's decision not to hire Plaintiff with any act or statement of Defendant. In the absence of evidence, Plaintiff's objection is **OVERRULED**.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objections are **OVERRULED**.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #30) is hereby **GRANTED**.

**IT IS SO ORDERED**.
**SIGNED** this 27th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE